IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN D. MANNING,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNKNOWN,<br><br>    Defendant. | 1:08-cv-01589 LJO-GSA (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER<br>(Doc. 8.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

On November 20, 2008, the court issued an order requiring plaintiff to either submit an application to proceed in forma pauperis or pay the filing fee for this action, within forty-five days. The forty-five day period has now expired, and plaintiff has not paid the filing fee, submitted an application, or otherwise responded to the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

///

1      "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.
2 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has
3 been pending since May 5, 2008. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's
4 disinterest in prosecuting his case. In such an instance, the Court cannot continue to expend its scarce
5 resources assisting a litigant who will not help himself by either submitting an application to proceed
6 in forma pauperis or paying the filing fee for his action. Thus, both the first and second factors weigh
7 in favor of dismissal.

8      Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of
9 itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk
10 that witnesses' memories will fade and evidence will become stale," id., and it is Manning's failure to
11 resolve the filing fee when his complaint was filed in the first instance and to respond to the Court's
12 order in the second instance that is causing delay. Therefore, the third factor weighs in favor of
13 dismissal.

14      As for the availability of lesser sanctions, at this stage in the proceedings there is little available
15 to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further
16 unnecessary expenditure of its scarce resources. Plaintiff's failure to pay the filing fee for this action
17 may reflect his inability to pay due to indigence, which would make monetary sanctions of little use, and
18 given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.
19 However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is
20 stopping short of issuing the harshest possible sanction of dismissal with prejudice.

21      Finally, because public policy favors disposition on the merits, this factor will always weigh
22 against dismissal. Id. at 643.

23      Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on
24 plaintiff's failure to obey the court's order of November 20, 2008.

25      These findings and recommendations are submitted to the United States District Judge assigned
26 to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being
27 served with these findings and recommendations, plaintiff may file written objections with the court.
28

1  Such a document should be captioned "Objections to Magistrate Judge's Findings and
2  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
3  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

     **Dated:   January 22, 2009**                             **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE